IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:04-cv-1046-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| KEVIN M. MACK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Kevin M. Mack's ("Mack") motion to reduce sentence pursuant to the First Step Act, ECF No. 1386. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On August 8, 2005, Mack pled guilty to four counts of an 88-count superseding indictment. Accordingly, Mack was convicted of: (1) conspiracy to possess with intent to distribute and distribution more than 500 grams or more of cocaine and more than five grams cocaine base in violation of 21 U.S.C. § 846 ("Count 1"); (2) possession with intent to distribute and distribution of more than 500 grams of cocaine in violation of 21 U.S.C. § 841 ("Count 39"); (3) possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841 ("Count 46"); and (4) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 56").

Prior to sentencing, the United States Probation Office ("USPO") prepared a presentence report ("PSR") pursuant to the United States Sentencing Guidelines (the "Guidelines"). The PSR assigned a base offense level of 32. ECF No. 598 ¶ 49. Based on two prior felony convictions for a crime of violence and a controlled substance

1

offense, the PSR designated Mack as a "Career Offender", enhancing his offense level to 37 and assigning him a criminal history category of VI. After a three point reduction for acceptance of responsibility, the PSR calculated a total offense level of 34, resulting in a Guideline range of 262–327 months as to Counts 1, 39, and 46, with a consecutive guideline range of 60 months for Count 56, and a term of supervised release of at least 8 years. Id. ¶¶ 68–72. On January 13, 2006, the court sentenced Mack a term of imprisonment of 322 months, consisting of 262 months as to Counts 1, 39, and 46, to run concurrently, and 60 months as to Count 56, to run consecutively to the other terms of imprisonment imposed. ECF No. 619. The court further imposed a term of supervised release of 8 years.

Mack has been in custody since February 8, 2005 and is scheduled to be released by the Bureau of Prisons ("BOP") on September 16, 2028, meaning that he has served fifteen years of a projected twenty-three-year term. On June 12, 2009, Mack filed a motion for retroactive application of the amended guidelines, ECF No. 958, which the court denied based on Mack's status as a career offender, ECF No. 1075. On February 24, 2020, Mack, through counsel, filed the instant motion to reduce his sentence under the First Step Act. ECF No. 1386. On May 4, 2020, the government filed a response. ECF No. 1402.

## II.  STANDARD

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, authorizes courts to retroactively apply sentencing provisions contained in the Fair Sentencing Act of 2010 to qualifying, previously sentenced defendants. The Fair Sentencing Act, which applies prospectively, reduces penalties for offenses involving cocaine base by increasing

the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1) and eliminating mandatory minimum sentences for simple possession under 21 U.S.C. § 844(a). Pub. L. No. 111-220 §§ 2–3, 124 Stat. 2372 (2010). Section 404(b) of the First Step Act authorizes a sentencing court to apply those provisions retroactively: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(a), 132 Stat. at 5222.[1] A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a); 132 Stat. at 5222 (citation omitted). The Fourth Circuit recently confirmed that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence of a covered offense' and may seek a sentence reduction under the First Step Act." United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted).

---

[1] See also S. Comm. on the Judiciary, 115th Cong., The First Step Act of 2018 (S.3649) (2018) (noting that the bill that became Section 404 would "allow prisoners sentenced before the Fair Sentencing Act of 2010 reduced the 100-to-1 disparity in sentencing between crack and powder cocaine to petition the court for an individualized review of their case" and would "bring sentences imposed prior to 2010 in line with sentences imposed after the Fair Sentencing Act") (emphasis omitted); 164 Cong. Rec. S7020-02, S7021 (daily ed. Nov. 15, 2018) (statement of Sen. Durbin) (describing the same bill as an opportunity "to give a chance to thousands of people who are still serving sentences for nonviolent offenses involving crack cocaine under the old 100-to-1 rul[e] to petition individually" for a sentencing reduction).

Where a defendant qualifies, a sentencing court "may," at its discretion, "impose a reduced sentence." First Step Act § 404(b), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.") (citation omitted). In determining whether or how much to reduce a qualifying defendant's sentence, the court should consider the defendant's Guidelines range, the sentencing factors outlined in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation. United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020). Although the court should consider a defendant's Guideline range, the court is not bound by it in imposing a new sentence. Id.

### III.  DISCUSSION

The parties agree that Mack is eligible for a reduction under the First Step Act because his convictions under Counts 1 and 46 involve cocaine base.[2] Mack contends that the court should reduce his sentence because (1) if he were sentenced today, he would not receive a career offender enhancement, and (2) his post-conviction behavior demonstrates that he has been rehabilitated. In response, the government contends that the Mack's career offender enhancement remains valid and that the evidence falls short of demonstrating rehabilitation. The court agrees with the government and concludes that Fourth Circuit law offers Mack no relief.

As an initial matter, the court points out that retroactive application of the Fair Sentencing Act to Mack's sentencing recommendation does not change Mack's

---

[2] And the parties are correct. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019) (holding that eligibility hinges exclusively on whether the defendant was convicted under a statute that was modified by the Fair Sentencing Act); see also United States v. Boulding, 960 F.3d 774, 781 (6th Cir. 2020) ("[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone.").

Guideline range because his Guideline range was premised upon his status as a career offender. Indeed, the USPO prepared a "sentence reduction report" that applies the reduced sentencing provisions of the Fair Sentencing Act and recommends the same Guideline range because Mack's sentence is based primarily on his designation as a career offender. ECF No. 1393. Accordingly, Mack does not argue that retroactive application of the Fair Sentencing Act entitles him to a reduction in sentence. Instead, Mack contends that his PSR's designation as a career offender is constitutionally invalid and thus that his Guideline range is incorrect. The Fourth Circuit recently held that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." Chambers, 956 F.3d at 668; see also United States v. Griffin, 821 F. App'x 249 (4th Cir. 2020) (per curiam) (remanding defendant's First Step Act motion to the district court with instructions to consider errors in the defendant's original Guideline range).

Mack contends that if he were sentenced today, he would not be designated as a career offender, meaning that his Guideline range would be significantly reduced. ECF No. 1386 at 3. Mack explains that his previous New York state conviction for attempted criminal sale of a controlled substance should no longer qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) based on the Second Circuit's holding in United States v. Townsend, 897 F.3d 66 (2d Cir. 2018). In response, the government argues that, even if Townsend would apply to negate Mack's career offender designation, "[t]here is no case law to suggest that the holding of Townsend should apply retroactively to [Mack]'s guideline calculations[.]" ECF No. 1402 at 5. Because the Fourth Circuit's holding in Chambers applies to "Guideline error[s] deemed retroactive," the government

concludes, Mack's sentence should remain unchanged. Chambers, 956 F.3d at 668 (emphasis added). The court agrees with the government that Chambers only requires the court to consider retroactive Guideline errors; at the same time, Chambers does not foreclose the possibility that the court can consider Guideline errors that have not been deemed retroactive. However, the court need not determine whether it can consider nonretroactive Guideline errors here because clear Fourth Circuit law forecloses Mack's contention that his Guideline calculation contains error.

In Townsend, the Second Circuit held that a New York state conviction for attempted criminal sale of a controlled substance no longer qualifies as a "controlled substance offense" under U.S.S.G § 4B1.2(b). 897 F.3d at 74. The Second Circuit, considering § 4B1.2(b)'s definition of "controlled substance offense" applied the Jerome presumption, under which courts are to presume that Congress did not intend to make a federal law dependent upon state law, absent clear indication to the contrary. Townsend, 897 F.3d 66, 71 (2d Cir. 2018) (citing Jerome v. United States, 318 U.S. 101, 104 (1943)). Finding no evidence of contrary intent, the Second Circuit found that § 4B1.2(b)'s definition of "controlled substance" must refer exclusively to federal law. Id. at 72. Accordingly, the Second Circuit concluded that "a state conviction will qualify as a predicate offense [ ] if the state conviction aligns with, or is a 'categorical match' with, federal law's definition of a controlled substance." Id. Unfortunately for Mack, that is not the law in this Circuit.

Departing from the Second, Fifth, Eight, and Ninth Circuits,³ the Fourth Circuit recently found that § 4B1.2(b)'s definition of "controlled substance" does not exclusively refer to and depend upon federal law. United States v. Ward, 972 F.3d 364, 372 (4th Cir. 2020). The Fourth Circuit, unlike the Second Circuit in Townsend, refused to apply the Jerome presumption to § 4B1.2(b), holding that Congress clearly indicated that "[t]he term 'controlled substance offense' means an offense under federal or state law." Id. at 374 (emphasis in original). As such, the Fourth Circuit concluded that a state "controlled substance offense" qualifies as predicate offense under § 4B1.2(b) even where the state offense does not "categorically match" federal law's definition of a controlled substance. Id. Bound by the Fourth Circuit's interpretation, the court must also conclude a state law "controlled substance offense" need not categorically match federal law to satisfy § 4B1.2(b). As such, Mack's New York state conviction for attempted criminal sale of a controlled substance remains a valid predicate offense in this Circuit for his career offender designation, meaning that Mack's Guideline range is free of constitutional error.⁴

Mack also argues that the court should reduce his sentence because his post-conviction behavior demonstrates that he has been rehabilitated. The court finds that

---

³ See id.; United States v. Gomez-Alvarez, 781 F.3d 787, 793-94 (5th Cir. 2015); United States v. Leal-Vega, 680 F.3d 1160, 1166-67 (9th Cir. 2012); United States v. Sanchez-Garcia, 642 F.3d 658, 661-62 (8th Cir. 2011).

⁴ Mack also contends that his other predicate offense, a New York state attempted robbery conviction, no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a) after the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). Cognizant that the court recently rejected that argument in Gattis v. United States, 2020 WL 615291, at *1 (D.S.C. Feb. 10, 2020), Mack includes the argument merely "for the purposes of preserving it for appellate review." ECF No. 1386 at 4. Accordingly, the court rejects it.

Mack has presented insufficient evidence of rehabilitation to justify a reduction in his sentence. While the court commends Mack's educational efforts during his incarceration, which include obtaining his GED, Mack's disciplinary record indicates that Mack still has progress to make. Mack has been sanctioned six times during his incarceration, as recently as 2018. See ECF No. 1386-1 at 2. On balance, the § 3553(a) factors weigh against relief, given Mack's criminal history and the seriousness of his conviction.

In sum, retroactive application of the Fair Sentencing Act does not change Mack's Guideline calculation, and Fourth Circuit law constrains the court to conclude that Mack's Guideline calculation does not contain error. Further, Mack's rehabilitative efforts are insufficient to warrant relief. Accordingly, Mack has not presented any viable grounds for relief, and the court must deny the motion to reduce sentence.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to reduce sentence pursuant to the First Step Act.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 30, 2020**
**Charleston, South Carolina**